The opinion of the court'was delivered by
Gibson, J.
Whatever may be due under the articles, might clearly have been set off against the bond, while it remained in the hands of the obligee. The sum of two hundred dollars, agreed to be paid by the party failing to the party complying, is in the nature of stipulated damages, or it is not. If it be the former, either party might have rescinded the contract, without incurring any liability but the payment of the two hundred dollars, which, being a sum certain, might undoubtedly be set off; but, if it be a penalty, it may be relieved against, by decreeing a compensation, to be liquidated by a jury. But this construction, while it would render Mrs. Morris, the vendee, liable to the recovery of uncertain damages in an action at law, would, at the same time, place her in the. predicament of a party who is compellable, at the option of the vendor, to execute the contract in specie, by paying the purchase money; for which, in this state, an action might be maintained at law. Whether the two hundred dollars ought to be considered as stipulated damages, or as-a penalty, it is unnecessary to decide, as under either construction, the liability of the vendee might be set up against herself under the plea of set-off. It does not appear, nor is it necessary that we should know, in which of these two ways the vendor intended to avail himself of this supposed liability. But it is contended, that, however this may be with respect to the obligee, her assignee stands in superior equity, and that the set-off cannot be urged against-him. To this it is answered, that it was agreed at the execution of the articles, that this bond should be deducted from whatever might be due under the articles, and that the defendant intended to follow the introduction of the articles, with evidence of that fact. Such an agreement would undoubtedly operate as an extinguishment of the bond; at least pro tanio. But no offer of such evidence, in connexion with the articles, appears in the record; and we are therefore to consider, whether without evidénce of such an agreement, the articles were competent, as affording a> substantive ground of set-off; against the assignee. A debt due, but not payable at the time of the assignment, may be set off, although a debt, which became due afterwards, cannot. If, then, the two hundred dollars be considered as a penalty, the case is clear of doubt; the purchase money would be a debt presently due, but payable in future: but, if stipulated damages, then such damages take the place of the purchase money, for which they are an equivalent, and thus by relation, become a debt which was due at the. time of the assignment. It is the business of the assignee to call on the obligor previously to the *78 assignment, to ascertain whether he has an existing defence ; and, although he might not be affected by notice of a state of things, that might, by the happening of a contingency, end in a state of indebtedness, yet such a case is very different from the present, where it was certain, from the beginning, that the vendor would have a valid claim against the vendee, for the purchase money, or for at least a part of the two hundred dollars, either as .a penalty or as stipulated damages. I am of opinion, therefore, that the set-off is available against the plaintiff as assignee, and that the court erred in rejecting the articles.
Judgment reversed and a venire facias de novo awarded.